IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA

| | |
|---|---|
| NICHOLAS OSTREM<br>6704 Westcott Rd<br>Falls Church, VA 22042,<br><br>    Plaintiff,<br><br>v.<br>ARLINGTON COUNTY PUBLIC SCHOOLS<br>1426 N Quincy St<br>Arlington, VA 22207,<br><br>    Defendant. | No: 1:18-CV-746<br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Pursuant to the Federal Rule of Civil Procedure 15, Nicholas Ostrem (hereinafter "Plaintiff"), by and through undersigned counsel, files this Amended Complaint.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of Count One in this Complaint pursuant to 28 U.S.C. § 1331, because this count arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. This Court has supplemental jurisdiction over the subject matter of count two in this Complaint pursuant to 28 U.S.C. § 1367(a), because this count forms part of the same case or controversy over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3. On or about February 28, 2018, Plaintiff filed a formal "Charge" with the Equal Employment Opportunity Commission ("EEOC").

4. The EEOC accepted Plaintiff's "Charge" as timely.

5. On or about March 19, 2018, Plaintiff received a "Notice of Right to Sue" from

the EEOC.

6. Plaintiff has exhausted the administrative remedies available to him under 42 U.S.C. § 2000e, *et seq.*, and all conditions precedent have occurred or been performed.

## II. PARTIES

7. Plaintiff is a resident of Falls Church, VA.

8. Plaintiff was a full-time teacher with Defendant, Arlington County Public Schools ("Defendant") from August 2015 to June 2018.

9. Defendant is a local government agency, headquartered in Arlington, VA, which employs more than 500 individuals. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

## III. FACTS CENTRAL TO PLAINTIFF'S CLAIMS

10. Plaintiff was employed by Defendant as a full-time teacher at Carlin Spring Elementary School ("Carlin Springs") from August 2015 to June 2018.

11. During the 2016-2017 and 2017-2018 school years, Plaintiff taught a preschool self-contained special education classroom.

12. During the 2016-2017 and 2017-2018 school years, Carlin Springs had two preschool self-contained special education classrooms, which were located next door to one another and separated only by a shared bathroom.

13. For the 2016-2017 and 2017-2018 school years, Plaintiff taught one of the two preschool self-contained special education classrooms and the other was taught by Kathleen Horenberg, female.

14. On or about September 6, 2017, Plaintiff advised Melinda Phillips, female, Assistant Principal that he was not receiving any planning time in his day.

15. Defendant failed to provide Plaintiff with any planning time during the 2017-2018 school year, in breach of contract.

16. On or about November 6, 2017, Plaintiff met with the new Principal at Carlin Springs for the 2017-2018 school year, Eileen Delaney, female, to review Ms. Delaney's recent observation of, *inter alia*, Plaintiff's "morning meeting" with his students.

17. At the November 6, 2017 meeting, Ms. Delaney informed Plaintiff that she felt the length of his morning meeting was not appropriate.

18. At the November 6, 2017 meeting, Plaintiff advised Ms. Delaney that Ms. Horenberg conducts almost the identical morning meeting with her students, and that she provided Plaintiff with the morning meeting program/slides at the beginning of the 2016-2017 school year.

19. Regardless, Plaintiff implemented the suggestions provided by Ms. Delaney.

20. At the November 6, 2017 meeting, Plaintiff was also reprimanded for the tone and behavior of the Instructional Assistant in his classroom, who was a female. Mr. Ostrem had no supervisory control over his Instructional Assistant, and had multiple discussions with members of the Administration, including Ms. Delaney and Ms. Phillips, regarding the behavior of his Instructional Assistant. On or about June 15, 2018, the Instructional Assistant had her contract was renewed.

21. On or about December 20, 2017, Ms. Delaney had Wendy Pilch, female, Director of Early Childhood, observe Plaintiff's classroom.

22. On or about January 10, 2018, Ms. Delaney had Elaine Perkins, female, Director of Early Childhood Special Education, observe Plaintiff's classroom.

23. On or about January 12, 2018, Plaintiff met with Ms. Delaney, Ms. Pilch, and Ms.

Perkins to discuss their observations, and was informed that his usage of the "SMART Board" was inappropriate for the morning meeting. At the January 12, 2018 meeting, Plaintiff again advised that Ms. Horenberg conducts almost the identical morning meeting with her students, using the "SMART Board", and that she provided Mr. Ostrem with the morning meeting program/slides at the beginning of the 2016-2017 school year.

24. On February 1, 2018, at Plaintiff's request, Mr. Ostrem met with Ms. Delaney and Ellen Kennedy, female, Director of Human Resources, in an attempt to resolve the alleged concerns. Ms. Kennedy asked Ms. Delaney for specific suggestions to assist Mr. Ostrem in bettering his performance. Ms. Delaney had no specific suggestions, but thought the morning meetings should be shorter and have more interaction. Mr. Ostrem again advised Ms. Delaney—and Ms. Kennedy--that his morning meeting was nearly identical to that of Ms. Horenberg, and that she provided Plaintiff with the morning meeting program/slides at the beginning of the 2016-2017 school year.

25. Regardless, Plaintiff continued to implement the suggestions provided by Ms. Delaney.

26. During the summers of 2016 and 2017, Plaintiff conducted educational/developmental evaluations for Defendant.

27. During the 2017-2018 school year, Plaintiff advised Defendant several times that he would once again be willing to conduct educational/developmental evaluations over the summer of 2018.

28. On April 25, 2018, Plaintiff attended a summer evaluation planning meeting. Mr. Ostrem was the only male at the meeting.

29. Plaintiff was not asked by Defendant to conduct any educational/developmental evaluations over the summer of 2018, and was uninvited from the final summer evaluation

planning meeting in May 2018.

30. For the 2015-2016 and 2016-2017 school years, Plaintiff received an overall rating of "Effective" on his Annual Summative Evaluations

31. For the 2017-2018 school year, Plaintiff received an overall rating of "Ineffective" on his Annual Summative Evaluation, based on the morning meeting with his students.

32. At no point during the 2017-2018 school year did anyone conduct an observation of the Plaintiff outside of the morning meeting with his students.

33. On information and belief, Ms. Horenberg did not receive an overall rating of "Ineffective" on her Annual Summative Evaluation, based on the morning meeting with her students.

34. On information and belief, at no point during the 2017-2018 school year did anyone conduct an observation of Ms. Horenberg.

35. Despite meeting on February 1, 2018 with Defendant's Director of Human Resources in an attempt to mediate the negative/ineffective performance reviews based on Plaintiff's morning meeting, Ms. Delaney had Mr. Ostrem served with a "Notice of the Possibility of an Ineffective Evaluation and/or Recommendation of Nonrenewal of Teaching Contract" on February 2, 2018—the very next day.

36. On information and belief, Ms. Horenberg has never received a "Notice of the Possibility of an Ineffective Evaluation and/or Recommendation of Nonrenewal of Teaching Contract".

37. On or about March 16, 2018, Plaintiff received a letter from Defendant's Superintendent, Dr. Patrick K. Murphy, stating that he planned to recommend to the School Board that Mr. Ostrem's contract not be renewed at the end of the 2017-2018 school year, based

on the recommendation of Ms. Delaney. This letter was accompanied by documents that Ms. Delaney claimed supported her recommendation.

38. On or about April 17, 2018, Plaintiff met with Dr. Kristi Murphy, female, Assistant Superintendent for Human Resources, to discuss the March 16, 2018 letter received from the Superintendent, as well as the documents that Ms. Delaney claimed supported her recommendation.

39. At the April 17, 2018 meeting, Plaintiff advised Dr. Murphy that many of the documents provided by Ms. Delaney to support her recommendation were excerpts of larger documents and provided Dr. Murphy with the complete documents. Mr. Ostrem further advised Dr. Murphy of some of the extra-curricular things he was doing for Carlin Springs during the 2017-2018 school year, including serving as an informal mentor to new staff, and being the only staff member to play along with the school band at their winter concert.

40. Ultimately, Plaintiff did not have his contract renewed at the end of the 2017-2018 school year.

41. On information and belief, Ms. Horenberg and both of the Instructional Assistants in Plaintiff's classroom had their contracts renewed at the end of the 2017-2018 school year.

42. During the 2017-2018 school year, other male teachers at Carlin Springs shared with Plaintiff that they felt they were being treated "differently" than female teachers under the new Administration.

43. The only other male special education teacher at Carlin Springs during the 2017-2018 school year also did not have his contract renewed at the end of the school year.

44. Many highly qualified male teachers left Carlin Springs at the end of the 2017-2018 school year, including the "Teacher of the Year."

## IV. STATEMENT OF CLAIMS

### Count I: Discrimination Based On Sex/Gender (Title VII)

45. Plaintiff adopts and incorporates by reference ¶¶ 1-44 above.

46. 42 U.S.C. § 2000e-2(a), *et seq.*, and its implementing regulations, generally prohibit employers from discriminating against their employees based on, *inter alia*, sex/gender.

*47.* Defendant has discriminated against Plaintiff based on his sex/gender as described *ante*, in violation of 42 U.S.C. § 2000e-2(a), *et seq*.

48. As a result of this discrimination, Plaintiff has suffered irreparable harm and/or damages.

### Count 2: Breach of Contract

49. Plaintiff adopts and incorporates by reference ¶¶ 1-48 above.

50. Plaintiff's contract with Defendant incorporates by reference the School Board's "Policies and Policy Implementing Procedures."

51. Policy Implementing Procedure 35-8.3(D)(4)(a) states that Plaintiff was entitled to receive at least 255 minutes per week of planning time.

52. Pursuant to VA Code §59.01-507.1(b)(2), Defendant materially breached the contract by failing to perform an essential element of the Agreement by not providing Plaintiff with planning time.

53. Pursuant to VA Code § 59.01-507.1(b)(3), Defendant breached the language of the agreement, the reasonable expectations of the parties, and practices of the trade by failing to provide Plaintiff with planning time as is standard and necessary for teachers.

54. In September 2017, Plaintiff informed Ms. Phillips that he did not have any planning time in his day.

55. After being informed that there was a lack of planning time scheduled for Plaintiff,

nothing was done to change Plaintiff's schedule.

56. By failing to provide planning time, Plaintiff was forced to spend unpaid hours planning for his classes and activities.

57. As a result of this breach, Plaintiff has suffered irreparable harm and/or damages.

## V. REMEDIES SOUGHT

58. WHEREFORE, Plaintiff respectfully requests that this Court issue a judgement granting him the following relief from Defendant:

    a. A declaratory judgment that Defendant discriminated against Plaintiff and breached his contract, as alleged herein;

    b. Back pay, including without limitation, other lost benefits due to Defendant's discrimination against Plaintiff and breach of contract;

    c. Compensatory and punitive damages, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2)& 1981a(b)(3)(A), for taking these actions with malice and bad faith;

    d. Prejudgment and post judgment interest on all damages;

    e. Reasonable attorneys' fees and cost under 42 U.S.C. §§ 1981(a) & 2000e-5(k); and

    f. Such other and further relief as the Court deems just and warranted.

Respectfully submitted,

/s Elyssa Helene Katz Geschwind

ELYSSA HELENE KATZ GESCHWIND (VA 87558)
McCree Ndjatou, PLLC
1828 L Street, NW, Suite 600
Washington, DC 20036
T: (202) 796-2845
F: (202) 370-7173

        egeschwind@mnlawyerspllc.com
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a true copy of the foregoing was served by email upon:

Julia B. Judkins, VSB No. 22597
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
jjudkins@bmhjlaw.com
*Counsel for Defendant*

        /s Elyssa Helene Katz Geschwind
        Elyssa Helene Katz Geschwind, Esq.